IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


R. CASPER ADAMSON, #290440,
          Plaintiff,

vs.                                                Case No. 3:08cv404/MCR/EMT

R.D. COLLINS, et al.,
          Defendants.

---

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on September 5, 2008, by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

Plaintiff alleges the following facts in support of his claims.  On or about June 18, 2008, Defendant G.K. Waitman picked up Plaintiff's outgoing mail from his cell (Doc. 1 at 6).[1]  Defendant Waitman returned to Plaintiff's cell two (2) hours later and told him that, "The administration has concerns about mail you [Plaintiff] are sending to this court" (*id.*).  Defendant Waitman then asked Plaintiff to open the letter so Defendant could read it (*id.*).  The letter was addressed to the Clerk of Court, U.S. District Courthouse, 1 North Palafox Street, Pensacola, Florida (*id.*).  The envelope contained a motion relating to case number 3:08cv132/MCR/EMT (*id.*).  The motion requested that the court limit Respondent McNeil's time for responding to Plaintiff's Petition for Writ of Habeas Corpus (*id.*).  In the motion, Plaintiff also discussed his history of mental illness, including auditory hallucinations that tell Plaintiff to kill himself and others (*id.*).  Plaintiff further stated in the motion

---

[1]The court is referring to Plaintiff's handwritten page numbers.  CMECF reflects that this page number is Doc. 1 at 62.

that his "mental health was rapidly deteriorating" (*id.*).  Plaintiff alleges that Defendant Waitman shared Plaintiff's legal mail with medical and administrative personnel, who made copies of Plaintiff's motion (*id.* at 7).  Next, Plaintiff alleges that Defendant Collins made the decision to place Plaintiff in a "medical strip cell" under suicide observation and that Sgt. Stokes and an unknown officer allowed Plaintiff to keep his prescription eyeglasses in the cell (*id.*).  Plaintiff broke the left lens of his eyeglasses and cut his inner left forearm for forty-five (45) minutes before he was discovered by staff (*id.*).

Plaintiff's complaint next contains allegations regarding certain medical conditions from which he suffers, including arthritis, bursitis pain, and psoriasis on his face and scalp (*id.*).  Plaintiff alleges that he "was taking" ibuprofen for the arthritis and bursitis pain and using prescription polytar shampoo for the psoriasis on his face and scalp, and that on June 4, 2008, he gave his prescription refill slips to Nurse Reeve (*id.*).  On June 8, 2008, Nurse Ervin advised Plaintiff that Defendant Nichols had discontinued his medication based on his suicide threats to the court (*id.* at 7–8).  Nurse Ervin instructed Plaintiff to return to "sick call" if he wanted his prescriptions filled (*id.* at 8).  On June 22, 2008, Plaintiff returned to sick call and was seen by Nurse McCraig (*id.*).  Defendant McCraig laughed at Plaintiff and made inappropriate remarks about his suicide attempt (*id.*).  Defendant McCraig then gave Plaintiff a single package of ibuprofen and stated, "take them both at once, we wouldn't want you to kill yourself" (*id.*).  Defendant McCraig promised to speak to Defendant Nichols regarding the refill of Plaintiff's prescriptions, but she told Plaintiff not to "expect anything" (*id.*).  Plaintiff alleges that no medications were prescribed, and "grievances were denied" (*id.*).

Plaintiff returned to sick call on August 22, 2008 (*id.*).  He alleges that at that time he had scabs and open wounds on his head from scratching (*id.*).  Plaintiff also complained of severe arthritis and bursitis pain (*id.*).  Plaintiff was seen by NurseVondovan who informed him that Defendant Nichols was not impressed by Plaintiff's threat of a lawsuit, that medical care is discretionary, and that Plaintiff's lawyer "doesn't know crap" (*id.* at 9).  Defendant Vondovan told Plaintiff that Defendant Nichols stated, "you can have this [but you're not] getting anything else, so you might as well stop complaining.  You made your bed, now lie in it" (*id.*).  Finally, Plaintiff alleges that Defendant Vondovan gave Plaintiff a few small packages of Bacitracin ointment and

said, "make it last" (*id.*).  As of the date Plaintiff filed the instant complaint, he had not received any

other medication (*id.*).  However, Plaintiff does not allege that he returned to sick call, and was

denied medication at sick call, on any subsequent occasion.

Plaintiff alleges that the following constitutional violations occurred:  (1)  Defendant

Waitman retaliated against Plaintiff for exercising his First Amendment right of access to the courts

by sharing Plaintiff's legal mail with other staff (*id.*); (2) Defendant Collins violated the Eighth

Amendment by acting with deliberate indifference to Plaintiff's serious medical needs (*id.*); (3)

Defendant Nichols acted with deliberate indifference to Plaintiff's medical needs in violation of the

Eighth Amendment (*id.* at 10); (4) Defendants McCraig and Vondovan provided Plaintiff with

medical care that was so "grossly incompetent or inadequate as to shock the conscience or to be

intolerable to the fundamental fairness, in violation of the Eighth Amendment" (*id.*); (5) Defendants

Collins, Haas, Greene, Tournay, and Moore denied all of Plaintiff's grievances in violation of the

Eighth Amendment (*id.*); and (6) All Defendants were deliberately indifferent to Plaintiff's medical

needs in violation of the Eighth Amendment, causing Plaintiff to suffer "excruciating pain, red and

swollen, bleeding scalp, and loss of sleep" (*id.* at 11).  As relief, Plaintiff seeks "injunctive relief

requiring Dr. Collins and ARNP Nichols to immediately issue ibuprofen and tar gel shampoo" and

$1,000,000.00 in damages (*id.* at 14).

The court takes judicial notice of Adamson v. J. McClellan, Case No. 3:06cv549/LAC/MD

(N.D. Fla.), in which the District Court adopted the Magistrate Judge's report and recommendation

determining that Plaintiff is no longer entitled  to proceed in forma pauperis on any case and must

pay the $350.00 filing fee in full before proceeding unless he is "under imminent danger of serious

physical injury" (*id.*, Doc. 6 at 1–2).  The court took judicial notice "that of the plaintiff's myriad

[of] previously filed lawsuits, at least four have been dismissed as frivolous, malicious or for failure

to state a claim" (*id.*, Doc. 6 at 1).  Therefore, this court takes judicial notice that the court in

Adamson v. J. McClellan previously determined that Plaintiff has "three strikes."

Pursuant to the three strikes provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff was a prisoner when he commenced this action (*see* Doc. 1 at 2), he remains incarcerated, and the instant civil rights action concerns the conditions of his confinement.  Moreover, the court in <u>Adamson v. J. McClellan</u> previously determined that Plaintiff has three strikes under § 1915(g).  Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, is entitled to proceed in forma pauperis.[2]

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; <u>Jackson v. Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979); <u>McAlphin v. Toney</u>, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger

---

[2]Plaintiff concedes that he has three strikes and would not, under normal circumstances, qualify to proceed with this case in forma pauperis (*id.* at 12).  However, Plaintiff asserts that he is in imminent danger of serious physical harm as a result of Defendants' denial of medical care (*id.*).  In pertinent part, Plaintiff alleges he is in pain from the psoriasis and is at risk of infection or "other harm" (*id.*).  He states he has not attempted to receive medical care for recurring gastric problems and back pain because he knows such attempts "would be futile" (*id.*).  Plaintiff alleges he is in constant pain and loses sleep due to his arthritis (*id.*).  He also alleges that his paranoid schizophrenia, auditory hallucinations, and other untreated mental disorders are greatly exacerbated by Defendants' denial of medical care (*id.*).  Finally, Plaintiff states he stopped taking his psychotropic medication on June 8, 2008, because Nurse Ervin advised him that his medication had been discontinued by Defendant Nichols (*id.* at 13).

is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff describes several alleged constitutional violations.  First, with regard to denying grievances and the reading of his legal mail, Plaintiff has clearly failed to establish any threat of imminent physical danger.  To the extent Plaintiff alleges that the reading of his legal mail led to his confinement in the medical cell, and once within the medical cell he harmed himself with the lens of his eyeglasses, he has still failed to establish any threat of imminent danger, as imminent danger is assessed at the time the complaint is filed (September 2008 in this case) not at the time of the alleged incident (June 2008).  *See* Abdul-Akbar, 239 F.3d at 213.  Thus, even if Plaintiff's harming of himself constituted a past imminent danger, it is an insufficient basis to allow Plaintiff to now proceed in forma pauperis.

Next, although Plaintiff has made general allegations concerning mental health treatment, his Eighth Amendment claim concerns the treatment for his arthritis, bursitis pain, and psoriasis.  This is evidenced from a thorough reading of Plaintiff's factual allegations, as well as the relief sought by Plaintiff, which in pertinent part, is "injunctive relief requiring [the issuance of] ibuprofen and tar gel shampoo" (Doc. 1 at 14).  Thus, case law pertaining to prisoners with disabilities and ongoing medical conditions is particularly relevant to the inquiry in the instant case.  In Brown, the prisoner alleged that he had HIV and hepatitis but was prevented from continuing to take prescribed treatments.  As a result, he suffered prolonged skin and scalp infections, severe pain in the eyes and vision problems, fatigue, and prolonged stomach pains and was at risk for "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome." 387 F.3d at 1350.  According to the Eleventh Circuit, "[v]iewed together, the afflictions of which [the plaintiff]

currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." *Id. See also* Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (applying exception in response to allegations that denial of medication for bipolar disorder, attention deficit hyperactivity disorder, and panic disorder caused prisoner to suffer heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back); Fuller v. Myers, 123 Fed. Appx. 365, 366–67 (10th Cir. 2005) (applying exception where prisoner suffered from breathing difficulties and other respiratory problems and had been under treatment of physician for this problem for more than twenty years, including the use of prescribed inhaler when ventilation system exacerbated his breathing difficulties and caused severe headaches and nose bleeds); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (holding that prisoner's alleged need of two additional dental extractions and resulting spreading infection in the mouth is sufficient imminent danger); Voth v. Lytle, 2005 WL 3358909, at *1 (D. Or. Dec. 8, 2005) (imminent danger found where Plaintiff experienced severe pain and constant rectal bleeding for four months and believed something had ruptured in his lower stomach). In some circumstances, allegations of severe pain can satisfy the imminent danger requirement. *See* Perez v. Sullivan, 2005 WL 3434395 at *1 (W.D. Wis. December 13, 2005) (imminent danger found where Plaintiff alleged severe pain stemming from spinal arthritis and chronic nerve root damage for which a disk laminactomy had been recommended).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Although Plaintiff has alleged ongoing medical conditions (arthritis, bursitis pain, and psoriasis), his medical conditions are not the type of serious injury that has been recognized by the courts, as described *supra*. Moreover, although Plaintiff has alleged that his medical conditions cause pain, scabs, and wounds from scratching, his allegations of pain are generally conclusory and non-specific. *See* White, 157 F.2d at 1231–32 (imminent danger not found despite plaintiff's claim that he "ha[s] been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree," due to lack of specificity regarding the asserted 'serious physical injury').

Moreover, to the extent Plaintiff asserts that Defendants' denial of ibuprofen and shampoo poses an imminent threat of serious injury, the court notes that Plaintiff admits he was treated for these conditions when he appeared at sick call.  For example, on June 8, 2008, Nurse Ervin instructed Plaintiff to return to sick call if he wanted his prescriptions filled (Doc. 1 at 7–8).  When Plaintiff returned to sick call on June 22, 2008, he was provided with ibuprofen (*id.* at 8).  Similarly, when Plaintiff returned to sick call on August 22, 2008, he was provided with Bacitracin ointment (*id.*).  Thus, Plaintiff has not been denied treatment for his afflictions — he admits that he received medications when he has appeared at sick call, albeit not in the quantities or type (i.e., ointment instead of shampoo) he desires.  Furthermore, if Plaintiff's conditions were indeed genuine emergencies, Plaintiff could have reported to sick call more often, especially considering that Plaintiff was aware that single dose prescriptions were likely available, and Plaintiff's acknowledgment that he was provided some form of medication each time he attended sick call.  Thus, the court cannot conclude that Plaintiff is in imminent danger or that his medical conditions rise to the level of a genuine emergency where time is pressing and the threat is real and proximate.

Accordingly, Plaintiff's complaint fails to establish imminent danger of serious bodily injury, and therefore, he may not proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Leave should not be provided to allow Plaintiff to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree, 284 F.3d at 1234.  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED** that:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED** without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 1st day of October 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**